

RECEIVED
MAY - 7 2015
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

# IN THE DISTRICT COURT OF THE UNITED STATES
## NORTHERN ILLINOIS DISTRICT
## EASTERN DIVISION

| | |
|---|---|
| MIYKAEL MUHAMMAD | 1:15-cv-04069 |
| | Judge Thomas M. Durkin |
| | Magistrate Judge Michael T. Mason |
| Petitioner | Complaint for Deprivation of Rights |
| vs. | Civil Rights Acts 42 USC 1983 et al |
| Daniel Nixa et.al. | Compensatory/ Punitive Damages |
| CITY of CHICAGO ~~etal~~ mm | **TRIAL by JURY DEMANDED** |
| Daniel Nixa & John McGuire | **ALL RIGHTS RESERVED** |
| William P. Dunn, Joseph McCarthy-CPD Agents | Oral Hearings Requested |
| Rahm Emmanuel- Chief Agent of Chicago | |
| Defendant/s | |

**PETITION FOR A REDRESS OF GRIEVANCE OF GOVERNMENT TRESSPASSES COMPLAINT SUIT OF CONSTITUTIONAL RIGHTS VIOLATIONS & REQUEST FOR A WRIT OF QUO WARRANTO HEARING FOR A GOVERNMENT AGENT'S NEGLIGENCE IN UPHOLDING ONSTITUTIONAL OATH OF OFFICE**

This is an action by Miykael Muhammad as a Petitioner for a Redress of Grievances against individuals acting under color of law as officials of the City of Chicago Employees/ agents whom violated clearly established law in committing Civil rights violations involving unlawful search, trespass, conspiracy, deprivation of rights under color of law, negligence, malfeasance, fraud, with other violations that will be discovered throughout this case as this court may reveal.

At all times relevant herein the Defendants, employed as City municipal agents/officers acting under color of law and outside the scope of their jurisdiction and authority, willfully caused Petitioner a damage and physical injury, and in so doing, violated clearly established law, as those laws apply to Plaintiff's rights protected under the Constitution, particularly under Articles 3 and 6 as well as the 4th and 14th Amendments.

Be it known that each of the state actors herein have sworn an "oath of office" in regards, to their duties and therefore each of their acts under "color" of state law is in direct violation of their oath of office and equates to CRIMINAL CONSPIRACY under section 1985 awaiting discovery that Officer J. McGuire and Daniel Nixa spoke to others on their trespass through warrantless

communications. Defendants Nixa, McGuire, City of Chicago, and other unknown officers as partners or in concert actions are without substance and legal right.

Plaintiff Alleges:

1. This is an action brought by Petitioner against City officials acting under color of law for Civil Rights violations involving wrongful searches, criminal trespass, negligence, malfeasance, and tort claims: at all times relevant Daniel Nixa Agent Attorney for City of Chicago and Officer John McGuire of Chicago, IL., and the City of Chicago, a municipal corporation, being sued as persons sued in their official and individual capacities. TAKE JUDICIAL COGNIZANCE AND NOTICE THAT all defendants are persons whom have taken oaths of office to protect the constitution of the united States of America and are in direct violation of such oath as each officer in has violated plainly established law as a policy and a practice and against the City of Chicago as the employers, masters, and supervisors, of the Code and Ordinance enforcer Mr. McGuire as its personnel for failure to supervise, to assure proper training of the personnel, or to implement meaningful procedures to discourage lawless official conduct or to take corrective action with respect to municipal ordinance and code enforcement personnel whose actions were unconstitutional, which are sued as persons under Article 3 and Article 6 of the Constitution of the United States of America, the 4th Amendment through the 14th Amendment, 42 U.S.C §1983, 42 U.S.C §1985, 42 U.S.C §1986. Miykael Muhammad, as one of the People, has a reasonable expectation that aforementioned defendant officers would not violate his rights and has suffered mental, physical, and spiritual damages from their actions of violating clearly established law without fourth amendment warrant, reasonable suspicion, or probable cause nor consent or subject-matter jurisdiction.

I.     JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this court pursuant to common law and under the United States Constitution Article 3 Section 2, Article 6 Supremacy Clause and Oath Clause, as well as 28 U.S.C §1331, which is Federal Question. Violations of defendants were all committed within the geographic jurisdiction of the United States District Court of Northern Illinois Eastern Division. We would also like to invoke Title 28 U.S.C 1343 (a) (b) (3) and (4). We invoke the case of Bank of U.S. vs. Planters' Bank of Georgia where *once a government entity becomes a corporation, that government sheds its right to sovereign immunity protections under the 11th amendment of the constitution for the United States*. The City of Chicago is indeed a municipal CORPORATION since March 4th of 1837.

II.     PARTIES

    A. PLAINTIFF

Miykael Muhammad, (hereinafter Muhammad or plaintiff) is One of We the People, an indigenous inhabitant traveler temporarily in one of these several states of the united States of America called Illinois.

B. DEFENDANTS

1. Defendant CITY OF CHICAGO at all times relevant to this complaint, was, and is, a municipal corporation of the State of Illinois, responsible for compensating, enriching, rewarding, and making policy for Defendant officers and is being sued as a person in its official and individual capacity. City of Chicago resides at 121 N. Lasalle in Chicago, IL 60602.

2. Defendant John McGuire, acting under color of law as a code and ordinance enforcer #19695 for the defendant City of Chicago municipal corporation, (hereinafter McGuire) at all times relevant to this complaint is believed to be a code and ordinance enforcer employed by the City of Chicago. At all relevant times McGuire was acting in such capacity as the agent, servant, and employee of the defendant City of Chicago municipal corporation. McGuire is a person whom demanded and made unlawful entry into the plaintiff's private life, peaceable assembly, private genetic properties, private spiritual property, and detained the plaintiff during times where said plaintiff was doing work to survive. McGuire is also the person whom neglected to protect the rights of the plaintiff and witness unreasonably asked for his removal from peaceable assembly in private property in his possession and detainment without his consent, a warrant, and with reckless, willful, and wanton disdain for the constitution of the United States. McGuire is resident of City of municipal corporation and is being sued in his individual and official capacity. McGuire will have no 11th amendment immunity as an individual nor as an employee of the City of Chicago Municipal Corporation.

3. Defendant Commander William P. Dunn, acting under color of law as commander of the 18th District code and ordinance enforcers for the defendant City of Chicago municipal corporation, (hereinafter Dunn) at all times relevant to this complaint is believed to be a code and ordinance enforcer employed by the City of Chicago. At all relevant times Dunn was acting in such capacity as the agent, servant, and employee of the defendant City of Chicago municipal corporation. Dunn is a person responsible for properly training defendant McGuire, ensuring that he upholds his oath of office to uphold the Constitution of the United States and of the State of Illinois. According to city law, Dunn should be resident of City of municipal corporation and is being sued in his individual and her official capacity.

4. Defendant Rham Emmanuel, acting under color of law as the Chief Executive Agent for the defendant City of Chicago municipal corporation, (hereinafter Emmanual) at all times relevant to this complaint is believed to be Mayoral Agent employed by the City of Chicago. Emmanuel is a person responsible for receiving reports on negligence of agents of the City of Chicago and properly training defendants, ensuring that they upholds their oaths of office to uphold the Constitution of the United States and of the State of Illinois. Emmanuel failed to properly assert to defendant Nixa, McGuire, Dunn, and MacCarthy

that discrimination is not tolerated by several laws of the United States. Emmanuel's negligence allowed for Defendants to trespass and make unlawful entry into the plaintiff's private life, peaceable assembly, private genetic properties, private spiritual property, and detained the plaintiff during times where said plaintiff was doing work to survive.

5. To effect all defendants herein, We invoke the case of Bank of U.S. vs. Planters' Bank of Georgia where *once a government entity becomes a corporation, that government sheds its right to sovereign immunity protections under the 11th amendment*. The City of Chicago is indeed a municipal CORPORATION since March 4th of 1837.

STATEMENT OF FACTS

1. December 5, 2013 Defendant John McGuire as an individual willfully, wantonly, and wrongfully using his position as a City of Chicago Police Officer to trespass on the reasonable expectation of privacy that Miykael Muhammad possessed as a United States National while exercising his constitutional rights to due process of law as a "public minister" whom was not violating any laws or giving Defendant McGuire probable cause or reasonable suspicion that a crime or felony was being committed.

2. Miykael Muhammad is under the reasonable expectation that City and court officers would not perform searches on him during the exercise of due process of law without a court order or grand jury indictment prompting McGuire and other government agents to search many databases further spying on one of We the people. It is common knowledge in the United States of America that government agents do not randomly spy on nationals or citizens.

3. Minister Miykael Muhammad has a central belief based on the Constitution of the United States of America that if the government or an agent of the government can not and does not conduct random spying or searches on We the People without probable cause or reasonable suspicion of a felony or crime being committed, or if the government or its agent do not have a search warrant sworn and subscribed by a judge to search for information on one of We the People such as Miykael Muhammad, nor without a grand jury indictment bill sworn and subscribed by a foreman stating that one of we the People such as Minister Miykael Muhammad should be spied on and searched out.

4. On December 15, 2014 City Attorney Daniel Nixa admitted, by way of the attached exhibit A, sworn Interrogatories, that he neglected to uphold his oath of office by protecting Miykael Muhammad's reasonable expectation of privacy from government intrusion in collusion with John McGuire and spying through unlawful searches without probable cause or reasonable suspicion of a felony or crime being committed, or if the government or its agent do not have a search warrant sworn

and subscribed by a judge to search for information on one of We the People such as Miykael Muhammad, nor without a grand jury indictment bill sworn and subscribed by a foreman stating that one of we the People such as Minister Miykael Muhammad should be spied on and searched out.

5. Defendants deprived Plaintiff of his reasonable expectation to privacy as society commonly and reasonably expects that the government and its agents do not have a policy and a practice to randomly and unlawfully run background checks on them without consent from the People or court orders giving reason to do so.

6. Minister Miykael Muhammad has had numerous courses in American Political Science, Constitution, and law which all gave him reason to believe that the government of the United States of America does not spy on its nationals or citizens as its constitution relays the protections that We the People are guaranteed from the government. This petitioner has passed required tests of this society which state that the government is not permitted to perform "out of the blue" run random unlawful searches as according to the constitution of the United States and caselaw.

7. Miykael Muhammad had the reasonable expectation that government agents Defendants Dan Nixa and John McGuire would not be running personalized searches on Petitioner while an open case of the violation of the very same act of deprivation of privacy from unlawful searches were occurring. The defendants could have reasonably just asked the Petitioner for information through interrogatories or hearings which is known usual and common procedure during the exercise of due process of law. The defendants in concert made a choice to violate their professional code of conduct and to violate the law through violating the petitioner and trust of the court.

8. On December 5, 2015 John McGuire acted in unlawful search of Minister Miykael Muhammad without subject matter jurisdiction or authority, lack of any testifying witnesses, and with total disregard to Muhammad's rights protected by clearly established law. McGuire unlawfully performed a search stepping outside the scope of his authority.

9. Any reasonable public servant would know the actions of McGuire deprived Muhammad of his rights secured by 4th, 5th, and 6th Amendments through the 14th Amendment of the constitution of the United States of America.

10. Defendant Daniel Nixa, acting under color of law as an attorney or assistance of counsel for the defendant City of Chicago municipal corporation, (hereinafter Nixa) knew at all times relevant to this complaint that McGuire performed the search and failed to uphold his duties and alert the City of Chicago superiors, the court, and petitioner Muhammad as to this violation of privacy and unlawful search.

11. Defendant Nixa took unreasonable advantage of the situation and attempted to utilize the information (fruit of the poisonous tree) of McGuires unlawful search to win the case that the Defendant City of Chicago compensates him to labor. Defendant Nixa stood to gain both emotionally and financially from the unlawful actions of McGuire which is why he is believed to be in collusion with defendant McGuire in unlawfully searching the Petitioner. At all relevant times McGuire was acting in such capacity as the agent, servant, and employee of the defendant City of Chicago municipal corporation.

## I. PRAYER FOR REMEDIES

A. DECLARATORY RELIEF THROUGH COURT ORDER BY SUPPORTING MOTION FOR DECLARATORY JUDGMENT.

B. ENTER A PRELIMINARY INJUNCTION RESTRAINING AND ENJOINING THE DEFENDANTS FROM UNDERTAKING, ENFORCING, MAINTAINING, OR ADOPTING POLICIES AND PROCEDURES AND PRACTICES OR ACTS ORDERING MUHAMMAD IN ANY RESTRICTIVE WAYS.

C. GRANT PUNITIVE/ COMPENSATORY DAMAGES AWARDED AS FOLLOW :

D. Enter an immediate investigation into criminal charges for the defendants such as and not limited to 18 USC 242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, 18 USC 241 CONSPIRACY AGAINST RIGHTS, 18 USC 247 OBSTRUCTION OF RELIGIOUS PRACTICES, 28 USC 1343 CIVIL RIGHTS & ELECTIVE FRANCHISES and;

E. As compensatory damages, the sum of $2,000,000 and ;

F. As punitive damages the sum of $200,000 based on but not limited to the following below;

G. **Unlawful Searches, Illegal Arrest, or Restraint, or Distraint, Trespassing/Trespass, without a lawful, correct, and complete 4th amendment warrant**: $2,000,000.00 (Two Million) lawful US Dollars, per occurrence, per officer, or agent involved.

H. **Violation of Right to Due Process, Violation of the Right of Freedom of Speech, Conspiracy, Aiding and Abetting, Racketeering, or Abuse of Authority** as per Title 18 U.S.C.A., §241 and §242, or definitions contained herein: $2,000,000.00 (Two Million) lawful US Dollars, per occurrence, per officer, or agent involved.

I. **Unfounded Accusations by Officers, or Unlawful Determination**: $2,000,000.00 (Two Million) lawful US Dollars, per occurrence, per officer, or agent involved.

J. **Denial and/or Abuse of Due Process:** $2,000,000.00 (Two Million) lawful US Dollars, per occurrence, per officer, or agent involved.

K.  **Obstruction of Justice**: $2,000,000.00 (Two Million) lawful US Dollars, per occurrence, per officer, or agent involved.

L.  A declaratory judgment that the defendants, City of Chicago as persons, as well as McGuire' actions in their individual and official capacities, lack recourse for all claims of immunity in *any* forum and receive federal Funds.

M.  Grant all attorneys' fees incurred in prosecuting this action pursuant to 42 USC 1988.

N.  The right to amend this complaint is warranted by further evidence and fact finding;

O.  And other relief as to the court seems proper.

Of the People, For the People, By the People,

*Miykael Muhammad*

c/o Miykael Muhammad

3127 S. Indiana Ave

Chicago, IL 60616
(312) 371-7499

## IN THE DISTRICT COURT OF THE UNITED STATES
## NORTHERN ILLINOIS DISTRICT
## EASTERN DIVISION

| | | |
|---|---|---|
| | ) | Case# |
| MIYKAEL MUHAMMAD | ) | Judge |
| | ) | |
| Petitioner | ) | Complaint for Deprivation of Rights |
| vs. | ) | Civil Rights Acts 42 USC 1983 et al |
| | ) | Compensatory/ Punitive Damages |
| CITY of CHICAGO et al | ) | **TRIAL by JURY DEMANDED** |
| Daniel Nixa & John McGuire | ) | **ALL RIGHTS RESERVED** |
| William P. Dunn , Joseph McCarthy-CPD Agents | ) | Oral Hearings Requested |
| Rahm Emmanuel- Chief Agent of Chicago | ) | |
| Defendant/s | ) | |

### FEDERAL CAUSES OF ACTION IN SUPPORT OF ATACHED PETITION FOR REDRESS OF GRIEVANCE, COMPLAINT OF CIVIL RIGHTS VIOLATIONS, & REQUEST FOR WRIT OF QUO WARRANTO

All allegations set forth in paragraph 1 through 7 incorporated herein by reference.
i. The herein described actions, engaged in under color of law by the defendants including defendants City of Chicago, sued as a person, responsible because of their authorization, condemnation, and ratification thereof for the acts of their employees, deprived Muhammad of his rights secured to him by the Constitution of the United States, including but not limited to, his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful entry and seizure of himself and property, and his 14th amendment right to due process of law and more.
ii. **FIRST CAUSE OF ACTION** Muhammad's substantive rights that he would be secure in his person, body, property, private effects, be given due process/equal protection, redress of grievance, and religious practice were violated by defendants John/Jane Does of circuit court of defendant City of Chicago who is being sued as a person acting under color of law as the policy maker and supervisor of defendant employees through ratification, as well as its authorization of their actions along with said unknown officers whom violated the rights of plaintiff Muhammad without contract, without consent, without subject-matter jurisdiction, and by force knowing that he was vulnerable and damaged. Defendants neglected to equally protect Muhammad from injury and rights violations as they have done. The agents acting under color of law assumed unconstitutional actions without knowing much about the plaintiff other than the obvious

      which is that his physical appearance of a male and African-American or Black in which Muhammad's affidavits say his is neither. Defendants City of Chicago and the employees of its court should have known better and made a more thorough investigation as to what actions they were taking. This action was one of at least five unlawful searches and seizures that employees acting under color of law as municipal police have done to plaintiff Muhammad which shows that it is a policy and a practice for them to deprive Muhammad and others of their rights. Defendants violated clearly established law as well as their oaths of office. An officer who acts in violation of the constitution ceases to represent the government- Brookfield Co. vs. Stuart.

iii. **SECOND CAUSE OF ACTION** Plaintiff has had his substantive rights that he would be secure in his person, body, property, private effects, and suffered emotional damage which lead to depression and further mistrust of government employees by the actions of defendants McGuire, Nixa, and City of Chicago whom violated clearly established law in concert with when they communicated to other unknown persons through radio dispatch and internet connections took private property in possession of the plaintiff from him by force and against his reserved rights without a fourth or fourteenth amendment due process, and without consent. Muhammad's rights were violated when defendants demanded that he bear witness against himself or be punished by denial of his due process of law in the court procedure as Nixa attempted to have a magistrate dismiss his petition eliminating any chance of due process of law and violating the U.S. Constitution as was done to him on several occasions in policy and practice. This shocked the conscience of Muhammad as he was under the reasonable expectation that his right that the government would not violate rights that he reserved as one of THE PEOPLE would not be violated. Said action also placed fear in Muhammad as the shock that he was being treated like a slave when his reserved rigths could be taken from him and overseers with guns can order him around by municipal authority whereas he was given the reasonable expectation that the Ninth, Tenth, and Thirteenth Amendments to the constitution for the United States rights of the People would stand where the power over his posterity and religion were not delegated to the state. Plaintiff reserves all rights and cedes none.

iv. **THIRD CAUSE OF ACTION** Muhammad's substantive right that he would be secure in his person, body, property, private effects, and religious practice were violated by unknown defendants in concert with defendants Nixa and McGuire and City of Chicago acting under color of law when said defendants orally made unreasonable demands of the plaintiff's privately secured rights and private sacred religious practice and said conspirators preceded to unreasonable searches and seizures into the private effects of living Indigenous American man, Miykael Muhammad. Defendants City of Chicago, Nixa, and McGuire knew or should have known that without a warrant under oath with a sworn affidavit and without a grand jury indictment that such actions would deprive Muhammad of his First, Fourth, Fifth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights as according to the constitution of the united States of America. *Defendants violated clearly established law. On several occasions the defendants City of Chicago, Nixa, and McGuire have threatened or detained plaintiff Muhammad by having agents of defendant City of Chicago detain him, take his genetic and physical property from his person and to throw him into a dungeon without a fourth amendment warrant and without a grand jury indictment. Such actions prove that this is the policy of Illinois, City of Chicago, and other defendants in concert whereas the ruffians knew where to take the kidnapped man without a fourth amendment warrant*

*and constitutional due process. Defendants acting under color of law should have known better as any reasonable officer under oath to protect the constitution of the United States would know that the aforementioned actions are in direct violation of plainly established law. Defendants shows that it is a policy and a practice to stop and harass people whom appear to be Black or African-American as hundreds of Millions of dollars have been paid out through settlement in civil cases in this very court district and a small number of the defendants in these deprivation suits have been criminally charged or corrected for their behavior. This can be proven through discovery. A Monell claim does exist here.*

v. **FOURTH CAUSE OF ACTION** Muhammad's substantive right *that he would be secure in his person, body, property, private effects, religious practice, and Thirteenth amendment right of freedom from involuntary servitude were violated by defendants, McGuire, Nixa, and City of Chicago* demanded that Muhammad spend his time in involuntary servitude demanding that he bear witness against himself and ordering that he get out of his property and leave his peaceable assembly. This is a clear indication that the City of Chicago operates counter to the constitution and does not carry out their oaths of office.

vi. **FIFTH CAUSE OF ACTION** Defendants in concert with McGuire neglected to protect Muhammad from discriminatory harassment and now presents defamation of character of this petitioner in the record of the court as well as the LEADS system of information. The defendants intentional infliction of emotional distress when they call the petitioner a slave's name against his will and urges the court to call the petitioner a slave name as well as to state that petitioner is a "recreational litigant" in order to cause enough emotional distress to prevent petitioner Muhammad from exercising due process of law. Such actions by the defendants were reckless, willful, and in violation of Muhammad's reasonable expectation to life, liberty, and the pursuit of happiness. Such duress amounted to negligent infliction of emotional distress, intentional infliction of emotional distress, and a loss of possible payment for labor from the defendants whom showed obvious resentment towards Muhammad whom they only knew from his physical appearance as a male with dark skin.

vii. **SIXTH CAUSE OF ACTION** Defendant unreasonably executed the unlawful detainment of plaintiff Muhammad, one of We the people, without reasonable suspicion of a felony, without probable cause, without due process by show of a signed warrant with oath and affidavit attached, without a jury trial, without consent, and in concert with co-conspirator McGuire. The only thing seen about Muhammad at the time of his involuntary servitude was that he appeared male and Black. There was no grand jury indictment. Defendants neglected to protect the constitution and violated their oaths of office in such actions as to allow and order the violations of Muhammad's due process in the Amendment and rights to the Constitution for the United States of America as well as Miranda Rights. McGuire in concert with whomever he spoke with on his radio device and under the supervision of City of Chicago and Illinois ordered the detained an Indigenous American Man.

viii. **TENTH CAUSE OF ACTION** defendant McGuire, Nixa, and defendant City of Chicago, **without immunity as individuals working for a municipal corporation, without subject-matter jurisdiction, and due to usurpation,** caused tortuous damages to Muhammad. The acts of violating clearly established law as done by defendants City

of Chicago and McGuire in concert with Unknown defendants through internet and dispatch also caused Muhammad fear, embarrassment, paranoia, a loss of respect with the court community and possible jurors whom will read the public record, and possible future clients. All defendants were negligent in protecting these God given and human rights of bonding in life, liberty, and the pursuit of happiness.

ix. **ELEVENTH CAUSE OF ACTION** your pettioner fears plausible threat of retaliation from those acting under color of law in employment as police officers of the City of Chicago. It is the plaintiff Muhammad has standing in being injured and is in fear of future retaliation from the City of Chicago whom has shown that it is a policy and a practice to harm those that appear to be Black, African-American, and other fraudulent names given by the oppressor. The Independent Police Review Board reports that Chicago police killed 63 people and shot another 153 between 2009 and 2012. This violence was perpetrated against 172 African Americans and 27 Latinos (Official reports on police shootings 2009 – 2012 by the Chicago Independent Police Review Authority [IPRA] ). In these same four years 1,846 people were murdered in Chicago (Chicago Murder Analyses, Chicago Police Department, 2009 – 2011; RedEye: Tracking Homicides in Chicago 2012). The overwhelming majority were African Americans and Latinos. The police and the State's Attorney seem powerless to do anything about this. They have solved very few of these crimes and they often get the wrong person. Chicago is the wrongful conviction capital of the United States. Hundreds of Black and Latino men and women have been tortured until they confessed to crimes they did not commit. Many were sentenced to death (Illinois abolished the death penalty in 2012). Others have been sentenced to prison, many for their Natural Lives. Documented instances of police involvement in murder, drug trafficking, gang involvement, and other crimes are plentiful See, for example, Crime, Corruption and Cover-ups in the Chicago Police Department, University of Illinois at Chicago DepartmentofPoliticalScience,January,2013,http://www.uic.edu/depts/pols/ChicagoPolitics/policecorruption.pdf . The city admits that Rekia Boyd, a 22 year old African American woman, and Flint Farmer, a 29 year old Black man, were murdered by the Police. They admit that many police torture victims have wrongfully spent decades in prison. They have paid out hundreds of millions in settlements and attorneys fees on these cases, but not a single CPD officer has ever been charged with any of these crimes. Most are still on the force, or are retired and collecting their pensions. Due to case law of the City of Los Angelos v. Lyons (461 U.S. 95) this plaintiff is moving for an immediate injunction of an order of protection form the City of Chicago and its agents and employees for the good cause as written above as well as the fact that the commander and McGuire together have access to a standing army of people with guns and a common bond to protect each other over all things seen as a threat to their employment culture.

In God We Trust,

Miykael Muhammad

Maykael Muhammad

%o 3137 S. Indiana Ave
Chicago, IL 60616
(312) 371-7499

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIYKAEL MUHAMMAD, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CHICAGO, et al., <br><br> Defendants. | Case No. 13 CV 02916 <br><br> JUDGE JOHN LEE |

### DEFENDANT OFFICER MCGUIRE'S ANSWERS TO PLAINTIFF'S SECOND[1] SET OF INTERROGATORIES

Defendant, Officer McGuire, by and through one of his attorneys, hereby answers Plaintiff's Second Set of Interrogatories as follows:

### INTERROGATORIES

INTERROGATORY NO. 20[2]

State Defendants full name, date of birth, and all addresses where defendants resided for the last 10 years. If you have been known by any name or nickname please state all names.

> **ANSWER:** Officer McGuire objects to the extent this Interrogatory seeks personal information such as his home address, which is not only irrelevant, but also infringes upon his legitimate privacy and security interests as a police officer. Subject to and without waiving these objections, Officer McGuire states that he was appointed as a Chicago Police Officer on November 4, 1996, he can be contacted through his counsel.

---

[1] Defendants are unaware of a First Set of Interrogatories having previously been served.
[2] Defendant conforms to Plaintiff's numbering sequence.

INTERROGATORY NO. 21

State if you have complied with Illinois law and taken an oath of office to uphold the constitution of the United States and Illinois as per the following authority:

(a) Illinois Constitution Article XIII Section 3 states that "Other State position created by this constitution shall take and subscribe the following oath or affirmation " I do solemnly swear (affirm) that I will support the Constitution of the United States and the Constitution of the State of Illinois, and that I will faithfully discharge the duties of the office of ... to the best of my ability."

(b) Illinois Public Act 87-1119 coded as 65 ILCS 5/4-4-1 States that all officers elected or appointed shall take and subscribe the oath or affirmation prescribed by the Illinois Constitution. Said Oath and Affirmation shall be filed with the Municipal Clerk.

    ANSWER: Yes, Officer McGuire took an oath to become a police officer. Although he does not recall the exact wording because it was more than 20 years ago, he believes it was similar, perhaps identical, to the language listed above.

12. State the location of your bond and whether you have bonds and subscribed or affirmed oath of office in your name John McGuire, as according to the following authorities:

(c) Illinois Public Act 87-738 & 87-1119 coded as 65 ILCS 5/44-2 Bond of Officers:

States that (a) before entering office the mayor and other employees shall by ordinance execute bonds with good and sufficient security in penal sums directed by ordinances, conditioned for the faithful performance of the duties of their office. (c) the bonds of all municipal officers shall be filed with, recorded, and preserved by the municipal clerk.

    ANSWER: Officer McGuire objects to this Interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.

13. Copies of any and all complaints, investigations, and disciplinary records of defendants.

    ANSWER: Officer McGuire objects to this Interrogatory as vague, overbroad in that it is unlimited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these

>objections, Officer McGuire refers Plaintiff to his five-year Complaint Register History produced herewith as well as the Independent Police Review Authority file Log#1061363, which was produced in this case.

14. Identify or state if you or anyone that you have known or worked with has run reports and searches on the Plaintiff in the name Miykael Muhammad or of any other name that you associate with Miykael Muhammad. This includes reports from LEADS, NCIC, NLETS, SOS, or other system of background check such as credit checks. This includes April 2013 until the present.

>ANSWER: Officer McGuire objects to this Interrogatory as vague and calling for information protected by the attorney work product privilege. Subject to and without waiving this objection, Officer McGuire ran Plaintiff's name based on the information Plaintiff provided on the night of the traffic stop. Officer McGuire refers Plaintiff to the OEMC records produced as FCRL pages 1-5, and 23-29. Officer McGuire also believes that he ran Plaintiff's name in LEADs on or about December 5, 2013 after receiving the lawsuit and refers Plaintiff to the documents produced herewith at FCRL 88-98.

15. State how you or your attorney got private information as to the driving record, state identification, driver's license, or any other private information of Plaintiff Muhammad as mentioned in the defendant's interrogatories and requests to produce.

>ANSWER: Officer McGuire objects to this Interrogatory as assuming facts not in evidence and that Plaintiff's driving record is "private." Officer McGuire further objects that this Interrogatory is vague and seeks information that possibly infringes on the attorney client privilege and/or work product protection. Subject to and without waiving these objections, Officer McGuire refers Plaintiff to the OEMC records from when Plaintiff's name was run on the night of the stop at FCRL pages 24-26 indicating that the

Plaintiff's license was expired on the night of the stop.

16. State all assets and bank records held by you which includes deeds of property.

**ANSWER:** Officer McGuire objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, harassing, and overbroad.

17. State if you have ever participated in counseling or psychiatric sessions in school or at work for CPD and include records of anger issues of the defendants.

**ANSWER:** Officer McGuire objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, harassing, and overbroad. Officer McGuire further objects to this Interrogatory as seeking information in possible violation of the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.* (West 2004), Section 7 of the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.* (West 2004), the Mental Health and Developmental Disabilities Act, 405 ILCS 5/1-100 et. seq., and the HIPPA, 45 CFR §164.512(e)(1). Subject to and without waiving these objections, Officer McGuire states that he has not been involved in the Chicago Police Department Behavioral Intervention Program.

18. State all cases filed with the name of John McGuire as a defendant at the state and federal court levels. Have you been part of cases settled as well?

**ANSWER:** Officer McGuire objects to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, this case is the only case that Officer McGuire is aware of in which he was or is named as a defendant.

19. State if you had a search warrant sworn and subscribed by a judge to search Miykael Muhammad and the vehicle that he was in in April 2013?

**ANSWER**: Officer McGuire did not have a search warrant.

20. State if you have had training/s on constitutional rights or racial sensitivity in which the defendant has in the past, present, or future been trained on.

**ANSWER**: Officer McGuire refers Plaintiff to his training history that includes a list of the classes he has taken which is produced herewith

21. State a list of superiors of the Chicago Police Department that you, John McGuire, reports to and the method of reporting up to the Mayor of the City of Chicago.

**ANSWER**: Officer McGuire objects to this Interrogatory as overbroad given that there is no claim (or plausible claim) of supervisory liability. Subject to and without waiving these objections, Officer McGuire states that he is assigned to the traffic division. He reports to a sergeant who varies depending on the shift that he is working. He is also under the command of a Lieutenant.

22. State how you feel about people that appear to be African-American.

**ANSWER**: Officer McGuire objects to this Interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Officer McGuire states that he did not treat Plaintiff any differently than he would have treated anyone else who acted the same way that Plaintiff acted when he was pulled over.

23. State if you have any African American friends or neighbors.

**ANSWER**: Officer McGuire objects to this Interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Miykael Muhammad, ) | |
| ) | Case No. 13 CV 02916 |
| Plaintiff, ) | |
| ) | Jude John Z. Lee |
| vs. ) | |
| ) | |
| McGuire, et al., ) | |
| ) | |
| Defendants. ) | |

## VERIFICATION

I, John McGuire, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: 8 DEC 14

_____
John McGuire

without waiving these objections, Officer McGuire states that he has both friends and neighbors including a former partner who he was very close with.

24. State if you believe that you view plaintiff Miykael Muhammad as an African American.

**ANSWER:** Yes, based on information and belief.

December 15, 2014

One of the attorneys for Officer McGuire,

(verification attached)

/s/ Daniel Nixa
DANIEL NIXA
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-5890
(312) 744-6566 (FAX

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2014, I served a copy of the foregoing document on Plaintiff (*pro se*) by depositing the same in a U.S. mailbox at 30 N. LaSalle, postage prepaid to the following address, and by email:

Mikael Muhammad
3127 S. Indiana Ave.
Chicago, IL 60616
(312) 371-7499
naspublishing@gmail.com

/s/ Daniel Nixa